JOSEPH H. LAMBERT *versus* NATHAN WINSLOW.

One cannot maintain an action. for the price of property which was sold in part payment of his notes then held by the vendee, notwithstanding the vendee subsequently transfers such of the notes as were overdue, and to which the law, in the absence of any appropriation by the parties, would appropriate the price of the property sold. .

In such case, if the maker of the notes voluntarily pays those so transferred, he must be presumed to assent to the appropriation of the price of the property sold, to the notes still remaining in the hands of the vendee.

ON EXCEPTIONS to the rulings of HATHAWAY, J.

*Shepley & Dana,* for the defendant, argued in support of the exceptions.

*S. & D. Fessenden, contra.*

The case is fully stated in the opinion of the Court, which was drawn up by

DAVIS, J.— The defendant held four promissory notes, given to him by the plaintiff. One of these was given in 1849; another in 1848; and the two others, amounting to about five hundred dollars, were given in 1847, and were secured by a mortgage of certain real estate.

Such being the relative position of the parties, the plaintiff, in 1852, sold to the defendant a quantity of curb-stone, in part payment of the notes. That the defendant took the stone in part payment of the notes, by express agreement, is admitted by both parties.

But the price of the stone was not indorsed on either of the notes, nor was any special appropriation, at the time, made by either of the parties. The defendant afterwards sold the notes, then overdue, which were secured by mortgage, without deducting or indorsing any sum as having been paid thereon. The plaintiff thereupon commenced this suit for the price of the stone. The defendant has filed an account in set-off, embracing the notes given in 1848 and 1849.

Lambert *v.* Winslow.

To these the plaintiff pleads the statute of limitations, this suit not having been commenced until 1857.

At the trial, the defendant contended that, no appropriation of the price of the stone to the payment of any particular note having been made at the time by the plaintiff, nor by the defendant, he had the right at any time to appropriate the amount to the notes filed by him in set-off. But the Court ruled that, neither party having made any appropriation at the time, the law appropriated it " upon the oldest notes,"—being the notes secured by mortgage.

The defendant then contended, and requested the Court to instruct the jury, that, if the law so appropriated the price of the stone, " any subsequent transfer of the notes by the defendant, after the maturity of the notes, would not give the plaintiff a right of action to recover the value of the stone." This the Court declined to give, but ruled " that, if the stone was delivered in part payment of the notes, and the defendant afterwards sold the notes, then overdue, to a third party, and received the face of the notes, the plaintiff would have a right of action to recover the value of the stone."

Whatever may be said of the rules of law stated to the jury, if taken abstractly, we cannot concur in the application of them to this case. If, the parties having made no appropriation,—the law applied the price of the stone to the payment of the notes secured by the mortgage, they were thereby paid and extinguished to that amount. Whether the plaintiff, by submitting to a foreclosure of the mortgage, afterwards paid the full amount of the notes, does not appear. For the case does not show the value of the mortgaged property. But the transfer of the notes, then overdue, with no payment indorsed, did not render the plaintiff liable to pay the whole, if a part had been paid. And if, knowing all the facts, he has paid the whole amount of them to the indorsee, he must be presumed thereby to have assented to the application of the price of the stone to the other notes. For both parties admit that the stone was sold to the defendant in payment of some of the notes. The plaintiff might, at his option, have

had the price applied to the notes secured by the mortgage, notwithstanding the transfer. But he could not, by waiving this right, prevent the application of the price to any of the notes, and then, the other notes being barred by the statute of limitations, recover the price of the defendant. The defendant never promised to pay for the stone except by receiving it in part payment of the notes.

*The verdict must be set aside and a new trial granted.*

. TENNEY, C. J., RICE, APPLETON and KENT, JJ., concurred.
GOODENOW, J., concurred in the result.